3

Stephen M. Reynolds CSB148902
**Reynolds Law Corporation**
424 Second Street, Ste. 4A
Davis, CA 95616
530 297 5030 telephone
530 297 5077 facsimile
sreynolds@lr-law.net email

Attorneys for Debtor and
Debtor-in-Possession

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
SACRAMENTO DIVISION

In re:

Axis Energy Partners, LLC

Debtor

Case No. 18-20689-B-11

DCN: RLC-1
Date: March 6, 2018
Dept: B
Time: 2:00 p.m.
Ctrm: 32, 6th Floor
Judge: Jaime

## DECLARATION OF KEVIN TERRY IN SUPPORT OF DEBTOR'S MOTION FOR AUTHORITY TO USE CASH COLLATERAL

I, Kevin Terry, am the Chief Financial Officer and Managing Member of the Debtor and Debtor in Possession Axis Energy Partners, LLC ("Debtor"). I am familiar with the contents of this Declaration and if called to testify could and would do so.

Debtor is engaged in the business of providing LED lighting and energy efficient fixtures and equipment.

1. On February 8, 2018 (the "Petition Date"), Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code ("Bankruptcy Code"). Since the Petition Date, Debtor has continued in possession of its assets and has continued to manage its financial affairs as a debtor in possession.
2. The following creditors (collectively the "Secured Creditors") of the Debtor may assert a security interest in certain personal property of the Debtor:

| Party | Date | Type |
|---|---|---|
| a. Golden Pacific Bank | 1/29/16 | UCC-1 |
| b. Funding Metrics, LLC (Lendini) | 6/21/16 | UCC-1 |
| c. EBF Partners, LLC | 7/5/16 | UCC-1/Judgement |
| d. On Deck Capital | 8/15/16 | UCC-1 |
| e. TVT Capital LLC | 1/22/16 | UCC-1/Judgement |
| f. Wilco Source, LLC | 9/15/16 | UCC-1/Judgement |
| g. USA Management Systems, Inc. | 5/18/17 | Judgement |
| h. Calif Dept. Tax & Fee (SBOE) | 10/13/17 | Tax Lien |
| i. Sapphire Systems, Inc. | 1/18/18 | Judgement |
| j. Franchise Tax Board | 1/25/17 | Tax Lien |

Secured Creditors' respective security interests may extend to accounts receivable, equipment, cash on hand and general intangibles. I have also personally guaranteed some of the debt including the Golden Pacific Bank secured claim. ~~The Golden Pacific lien is in the approximate amount of $2,732,576.39. The lien~~

is secured in all of the property of the Debtor. The scheduled value of the property of the Debtor is $1,142,215.39. The largest portion of the property of the Debtor is inventory with a book value of $869,516.52. This value presumes ongoing business operations; liquidation value would be much less. The Golden Pacific claim is also secured by real property not owned by the Debtor in contract for a sale with the net proceeds going to Golden Pacific. The proceeds from the sale of the real property are anticipated to generate $1,967,500. Golden Pacific Bank has consented to the ongoing use of cash collateral during this Chapter 11 case subject to the terms of a Forbearance Agreement dated December 22, 2017 ("Forbearance Agreement").

3. It is vital and necessary for the continued operation of Debtor' business to use cash on hand, accounts receivable, equipment and general intangibles on an ongoing basis. Accounts receivable received by the Debtor post-petition, as well as money currently held by the Debtor, may be considered "cash collateral" as defined in section 363 of the Bankruptcy Code.
4. It is imperative that the Debtor be allowed the use of this cash collateral so that it may pay wages, purchase inventory and pay basic overhead expenses incurred post-petition for the running of its business. This will permit the Debtor to rehabilitate and reorganize its financial affairs and its business pursuant to Chapter 11 of the Bankruptcy Code.
5. The use of cash collateral by the Debtor to pay wages, purchase inventory, pay rent and general overhead will permit the Debtor to continue to perform on existing work and generate new work, which will in turn generate post-petition accounts receivable that would not be otherwise be available to the Debtor's estate. Debtor anticipates that by using the cash collateral it will generate post-petition accounts receivable and/or accumulated cash sufficient to provide adequate protection to the Secured Creditors for the Debtor's use of the cash collateral.
6. Through this motion, Debtor offers a portion of the accounts receivable, equipment and accumulated cash it will generate post-petition as replacement collateral to the Secured Creditors, to the extent that Secured Creditors' collateral is diminished from the Debtor's use of cash collateral. The replacement liens on post-petition accounts receivable, equipment and cash shall be of the same scope, in the same priority, and subject to the same infirmities and defenses as existed pre-petition. These post-petition liens will adequately protect the Secured Creditors' respective interests in the cash collateral used by the Debtor.
7. As noted above, the Debtor generates new accounts receivable and receives payments on an ongoing basis. If the Debtor were unable to use cash collateral it would be unable to continue to pay existing visiting nurses or recruit new nurses. Business operations and the collection of existing accounts receivable as well as generation of new accounts receivables and cash require ongoing operations.
8. Debtor requests the Court allow the use of cash collateral in accordance with the Forbearance Agreement negotiated with Golden Pacific Bank dated December 22, 2017. A true and correct copy of the Forbearance Agreement is filed herewith as an Exhibit.

**WHEREFORE**, Debtor requests that the court enter an order authorizing the Debtor to use cash collateral pursuant to the terms set forth herein, and for such other and further relief as the court deems proper.

I hereby declare under penalty of perjury pursuant to U.S.C. §1746 that the foregoing statements are true and correct. This declaration was executed on the 9th day of February,

2018 in Sacramento, California.

_____
Kevin Terry