3

REYNOLDS LAW CORPORATION
Stephen M. Reynolds CSB 148902
424 Second Street, Suite A
Davis, CA 95616
Telephone (530) 297-5030
Facsimile (530) 297-5077
E-Mail sreynolds@lr-law.net

Attorneys for Debtor in Possession

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| In Re:<br><br>　Axis Energy Partners, LLC<br><br><br>　　　　Debtor. | Case No. 18-20689<br><br>DECLARATION OF KEVIN TERRY IN SUPPORT OF DEBTOR'S MOTION FOR ORDER APPROVING STIPULATION FOR USE OF CASH COLLATERAL<br><br>DCN/RLC-5<br><br>Date: May 15, 2018<br>Time: 2:00 p.m.<br>Dept: B<br>Judge: Christopher D. Jaime<br>Place: Courtroom 32, 501 I Street, 6th Floor<br>　　　　Sacramento, CA |

　　I, Kevin Terry, declare:

　　1.　　I am the Chief Executive Officer and Managing Member of the debtor and debtor-in-possession, Axis Energy Partners, LLC ("Debtor"). I have personal knowledge of the following facts and could and would testify competently to them if called as a witness. I submit this Declaration in support of the Debtor's above-entitled motion, to approve a stipulation for use of cash collateral ("Stipulation") between the Debtor and its principal alleged secured creditor, Golden Pacific Bank ("Bank").

---

Declaration of Kevin Terry ISO of Debtor's Motion for Order　　　　　　　　Case No. 18-20689
1

2. The Debtor is in the business of providing LED lighting and energy efficient fixtures and equipment to its customers.

3. The Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code on February 8, 2018, and has remained in possession of its assets since that date, no trustee having been appointed.

4. The Debtor and an affiliated co-borrower that is not in bankruptcy, Fifth and Richards, LLC, obtained from the Bank a $2.9mm SBA loan on or about January 25, 2016. The Debtor executed and delivered to the Bank a Commercial Security Agreement in connection with that loan, pursuant to which it granted the Bank a security interest in equipment, inventory, account and proceeds, all as specified in that contract.

5. I understand that the Bank filed a UCC-1 Financing Statement against Debtor with the California Secretary of State on or about January 29, 2016.

6. I understand that the proceeds from the Debtor's business sales constitute "cash collateral."

7. Other parties who may assert an interest in cash collateral who filed liens after the Bank filed its Financing Statement are listed in the accompanying motion.

8. The Bank and the Debtor have entered into a six-month Stipulation to permit the Debtor to continue to operate its business while using cash collateral, in order to file a plan of reorganization to pay claims in accordance with applicable bankruptcy law. That Stipulation has been filed as an exhibit to support Debtor's motion to approve it.

9. I prepared the six-month budget attached to the Stipulation as Exhibit A. That budget projects revenues bases on historical operations, and it lists line items for the Debtor's operating expenses, including very reduced "adequate protection" payments to the Bank. I believe that those projections are conservative and feasible and, if the Court approves the

Stipulation, performance will enhance Debtor's ability to confirm a reorganization plan. The Debtor needs to use cash collateral for its business and to reorganize.

10. The Debtor and the Bank and certain other persons and entities with liability to the Bank in connection with Debtor's loan from the Bank entered into a prepetition "Forbearance Agreement and Release." A copy has been filed with the Court. One aspect of that agreement calls for Debtor's co-borrower, Fifth and Richards, LLC, to sell later this year its sole asset, commercial real property in Sacramento, encumbered by the Bank's deed of trust lien. That property is in contract and escrow to be sold. If the sale closes, the amount of the Bank's asserted claim, approximately $2.7mm, will be reduced by approximately $1.9mm, substantially improving the Debtor's financial condition. The Debtor does not seek Court approval of that agreement and the Bank's consent to use cash collateral is not conditioned on that agreement, but we want the Court to have a good picture of the "exit strategy" and the Bank's role in that strategy.

11. Presently, based on the values of the Debtor's assets that are pledged to the Bank, there is no equity in those assets, including cash collateral, for the estate.

12. Although I am not a lawyer, I understand that the Stipulation contains no provisions that are prohibited by the Court's rules regarding cash collateral.

13. The Debtor has agreed with the Bank to provide a post-petition lien in the same post-petition assets pledged to the Bank to provide adequate protection in the event of any diminution in the Bank's collateral base on the petition date.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration is executed on April 13, 2018 in Sacramento, California.

_____
Kevin Terry

Declaration of Kevin Terry ISO of Debtor's Motion for Order                  Case No. 18-20689
3