LAW OFFICES OF DAVID M. WISEBLOOD
David M. Wiseblood (SBN 115312)
601 Montgomery, Suite 2000
San Francisco, California 94111
Telephone: (415) 547-2700
Facsimile: (415) 547-2701
E-Mail: dwiseblood@wisebloodlaw.com

Attorneys for Creditor
GOLDEN PACIFIC BANK

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| In Re:<br><br>Axis Energy Partners, LLC<br><br><br><br>Debtor. | Case No. 18-20689<br><br>GOLDEN PACIFIC BANK'S NOTICE OF MOTION AND MOTION FOR ENTRY OF ORDER APPROVING STIPULATION FOR RELIEF FROM THE AUTOMATIC STAY<br><br>Date: September 25, 2018<br>Time: 9:30 a.m.<br>Dept.: B, Courtroom 32<br>Judge: Christopher D. Jaime<br><br>DCN—DMW-1 |

TO: THE DEBTOR, THE CHAPTER 7 TRUSTEE, THE UNITED STATES TRUSTEE, INTERESTED PARTIES AND THIS COURT:

PLEASE TAKE NOTICE that creditor Golden Pacific Bank ("Bank") hereby moves the Court for entry of an order approving a stipulation for relief from the automatic stay ("Stipulation") with Geoffrey Richards, Chapter 7 trustee ("Trustee") for the bankruptcy estate of Axis Energy Partners, LLC ("Debtor"). A copy of the Stipulation is filed and served together

1 with this motion. The Stipulation, if approved by the Court, will provide the Bank with relief
2 from the automatic stay of 11 U.S.C. section 362(a) to take possession of and liquidate the
3 Debtor's inventory, pledged as collateral to the Bank for a $2,900,000 SBA loan, and to try to
4 collect accounts receivable owing to the Debtor which the Debtor also pledged to support that
5 loan. The Stipulation also provides for abandonment of the collateral assets from the bankruptcy
6 estate.

7 The Bank moves for approval of the Stipulation pursuant to Rule 4001(d)(1) of the
8 Federal Rules of Bankruptcy Procedure, Local Rule 9014-1(f)(2), and 11 U.S.C. section 362(d)
9 subdivisions (1) and (2).

10 The grounds for approval of the Stipulation and to support this motion are as follows:
11 The Bank asserts that the Debtor presently owes it in excess of $2,700,000. The appraised value
12 of the Debtor's inventory collateral is approximately $20,000. (The Debtor in its Monthly
13 Operating Report included in its value of inventory a contingent tax credit from the State of
14 California, which partially explains the discrepancy between the appraised value of inventory
15 and what the Debtor has listed in its filing with the Court). The Debtor has listed the face value
16 of its accounts receivable in its most recent Operating Report as approximately $50,000. There
17 is no equity in the property subject to the Stipulation for the Debtor or its estate. This case is
18 now a Chapter 7 case, so there is no reorganization in prospect. The Bank asserts that there
19 exists cause to grant relief from stay, including lack of adequate protection (the inventory
20 presently is located at a leased location where the lease has been rejected by operation of law),
21 and because the longer accounts go without collection, the harder it will be to collect them.

22 Also included in the exhibit appendix to support this motion is a filed copy of the Bank's
23 UCC-1 Financing Statement, providing evidence of perfection of its security interest.

24 This motion as noted is being filed and set for hearing pursuant to Local Rule 9014-
25 1(f)(2). Pursuant to subdivision (C) of that Local Rule, opposition, if any, shall be presented at
26 the hearing on the motion. If opposition is presented, or if there is other good cause, the Court
27 may continue the hearing to permit the filing of evidence and briefs.

28

1  The Bank, as set forth in the Certificate of Service filed as part of the moving papers, notes that it has elected to serve the parties listed in Rule 4001(d)(1)(C) as if this were a Chapter 11 case, the alleged secured creditors scheduled by the Debtor in this case, as well as the parties who filed Proofs of Claim.

Respectfully submitted,

LAW OFFICES OF DAVID M. WISEBLOOD

Dated: September 6, 2018    By _____/s/_____
David M. Wiseblood
Attorneys for Creditor
GOLDEN PACIFIC BANK